L.D. Todd TAYLOR, Plaintiff,

v.

R & M MANUFACTURING CO., and
Mike Ruotsinoja, Defendants.

No. CIV 99–1086 JRT/FLN.

United States District Court,
D. Minnesota.

March 31, 2001.

Gary T. LaFleur, Babcock, Neilson, Mannella, Lafleur & Klint, Anoka, MN, for plaintiff.

Scott S. Payzant, Oppenheimer Wolff & Donnelly, L.L.P., Minneapolis, MN, for defendants.

## ORDER ADOPTS THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

TUNHEIM, District Judge.

Plaintiff brings this employment discrimination claim against defendant R & M Manufacturing ("R & M") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e–17, and the Minnesota Human Rights Act ("MHRA"), Minn.Stat. § 363.03, for race discrimination in connection with events that occurred during his employment with R & M. Plaintiff also brings a claim of assault and battery[1] as well as a claim for negligent infliction of emotional distress[2] against defendant Mike Ruotsinoja ("Ruotsinoja"). Defendants move for summary judgment on all claims. The matter is now before the Court on defendants' objections to the Report and Recommendation of Chief Magistrate Judge Franklin L. Noel.

Magistrate Judge Noel recommended that defendants' motion for summary judgment be denied.

The Court has conducted a *de novo* review of defendants' objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court overrules the objections of defendants and adopts the Report and Recommendation of the Magistrate Judge denying defendants' motion for summary judgment.

## BACKGROUND

Plaintiff, an African–American, worked for defendant R & M as a packer in the shipping department. As a packer, plaintiff's job was to package parts for shipment. Plaintiff began at R & M as a temporary employee in 1994 and was hired as a full-time employee in October 1995. During his first four years at R & M, plaintiff's direct supervisor in the shipping department was Joe Pappenfus. In 1997, defendant Ruotsinoja became plaintiff's direct supervisor.

Ruotsinoja began working for R & M in 1983, also as a packer in the shipping department. He left R & M in 1988, but returned in 1989, and has continued to work for R & M since then. Ruotsinoja was promoted to a lead position in the shipping department in 1994 and then promoted again to Foreman of Shipping in 1997. As foreman, it is Ruotsinoja's responsibility to make sure that packaging jobs are completed, properly packaged, and shipped on time. The plant manager, Dave Abraham, is Ruotsinoja's direct supervisor.

---

1. No objections have been raised to the recommendations of the Magistrate Judge concerning plaintiff's claim for assault and battery. The Court therefore adopts the recommendation of the Magistrate Judge and denies defendants' motion for summary judgment with respect to Count Four of plaintiff's Amended Complaint.

2. Plaintiff expressly waived his negligent and/or intentional infliction of emotional distress claims in his memorandum in response to defendants' motion for summary judgment. The Court therefore grants defendants' motion for summary judgment with respect to Count Three of the Amended Complaint.

Plaintiff claims that during the time he worked in the same department as Ruotsinoja, but before Ruotsinoja became his direct supervisor, he was harassed by Ruotsinoja. Plaintiff alleges that Pappenfus, the supervisor at the time, would take care of those problems. However, after Pappenfus died, plaintiff claims that Ruotsinoja's harassment continued unchecked. Plaintiff claims that he reported Ruotsinoja's behavior to the plant manager on a number of occasions, but that nothing was ever done. Plaintiff also alleges that he was singled out for his mode of dress, his work hours, his exclusion from overtime opportunities, and name-calling, among other things.

The event at the heart of the dispute between the parties occurred on September 24, 1998. After lunch on that day, Ruotsinoja approached plaintiff, informing him that he had made a packaging mistake and would need to repackage certain boxes of parts. An argument ensued and the two began yelling at each other. Plaintiff claims that Ruotsinoja eventually pushed him in the chest while Ruotsinoja was holding a part in his hand. Ruotsinoja was then struck in the face by plaintiff. There is a serious dispute between the parties as to the exact characterization of events at that point. Plaintiff claims that the force of Ruotsinoja hitting him in the chest knocked plaintiff off balance and caused him to fall backward. Plaintiff further alleges that while falling backward his arms began to flail and at that point he either inadvertently hit Ruotsinoja in the face, or hit Ruotsinoja's hand into his face.[3] Defendants also claim that Ruotsinoja's nose was broken in three places from the shot to the face, but plaintiff denies this allegation.

Immediately after the altercation, the plant manager saw Ruotsinoja with blood on his face and asked Ruotsinoja what had happened. Ruotsinoja responded by telling the plant manager that plaintiff had hit him. The plant manager proceeded to the shipping area where he sent plaintiff to the lunchroom to sit by himself. After doing so, the plant manager asked three to four employees in the shipping area about the altercation. The plant manager contends that three of the employees told him that they did not see what happened. The fourth employee, an African–American woman, told the plant manager that plaintiff had hit Ruotsinoja in the nose. Although the plant manager did not remember questioning employee Darren McGuire after the altercation, at his deposition McGuire testified that he too told the plant manager that plaintiff had hit Ruotsinoja with a closed fist.

The plant manager then confronted plaintiff about the incident and plaintiff denied that he had hit Ruotsinoja. The plant manager terminated plaintiff effective immediately. Ruotsinoja was not disciplined for his involvement in the altercation. Plaintiff subsequently commenced this lawsuit claiming that he was discriminated against on the basis of his race. He alleges disparate treatment on the part of R & M because it did not discipline Ruotsinoja at all for his involvement in the altercation, but terminated plaintiff. Plaintiff asserts these discrimination claims under both Title VII and the MHRA. Plaintiff also asserts a claim of assault and battery against Ruotsinoja.

## ANALYSIS

### I. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment, stating in pertinent part:

---

**3.** There is evidence, however, that plaintiff admitted that he hit Ruotsinoja in the face at a hearing before the Minnesota Department of Economic Security.

[Summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Courts should grant summary judgment only when the evidence is such that no reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Initially, the moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In evaluating the moving party's showing, courts should accept the evidence offered by the non-moving party as true and draw all justifiable inferences therefrom in the light most favorable to that party. *Matsushita Elec. Indus. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When a moving party makes and supports a motion for summary judgment in accordance with Rule 56, a party opposing the motion may not rest upon the allegations or denials of its pleadings; rather, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir.1995). Accordingly, the non-moving party "must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." *Wilson v. Southwestern Bell Tel. Co.*, 55 F.3d 399, 405 (8th Cir.1995).

## II. Title VII and MHRA Claims

■■■■ Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964 and the MHRA. He claims that R & M treated him differently from Ruotsinoja by terminating him on the basis of his race. Plaintiff's claims are analyzed under the *McDonnell Douglas* burden-shifting framework as plaintiff relies on indirect, rather than direct evidence of discrimination.[4] *Bogren v. Minnesota*, 236 F.3d 399, 403–04 (8th Cir.2000); *Dammen v. UniMed Medical Center*, 236 F.3d 978, 980 (8th Cir.2001). Plaintiff first has the burden of demonstrating a prima facie case of discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). By demonstrating a prima facie case, a legal presumption arises that defendant has unlawfully discriminated against the plaintiff. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory basis for the plaintiff's termination. *Bogren*, 236 F.3d at 404 (citing *O'Sullivan v. Minnesota*, 191 F.3d 965, 969 (8th Cir. 1999)). If the defendant articulates a nondiscriminatory basis for the termination, then the burden reverts to plaintiff to show that the proffered rationale for termination is pretextual. *Id.* "Although intermediate evidentiary burdens shift back and forth under this framework, 'the ultimate burden of persuading the trier of fact

---

4. Although plaintiff brought claims under both Title VII and the MHRA, the Court looks to Title VII case law to analyze both claims. *Mems v. City of St. Paul*, 224 F.3d 735, 738 (8th Cir.2000). Therefore, both the state and federal race discrimination claims are analyzed under the *McDonnell Douglas* framework. *Chock v. Northwest Airlines*, 113 F.3d 861, 863 (8th Cir.1997).

that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves,* 530 U.S. at 143, 120 S.Ct. 2097 (quoting *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089).

■ Instances of disparate treatment can support a claim of pretext. *Ward v. Procter & Gamble Paper Prods. Co.,* 111 F.3d 558, 560 (8th Cir.1997). In order to prove disparate treatment, plaintiff must show that he and Ruotsinoja were similarly situated in all relevant respects. *Id.* "Employees are similarly situated in all relevant respects when they are involved in or accused of the same offense and are disciplined in different ways." *Id.*

The Court assumes for purposes of this motion that plaintiff satisfied his burden of establishing a prima facie case.[5] The burden then shifts to R & M to articulate a legitimate, nondiscriminatory reason for terminating plaintiff. R & M contends that it terminated plaintiff for striking his supervisor, Ruotsinoja. This rationale is sufficient to satisfy R & M's burden. *Ward,* 111 F.3d at 560. The burden therefore shifts back to plaintiff. The inquiry then becomes whether plaintiff has produced sufficient evidence to meet the burden of proving pretext. *Cronquist v. City of Minneapolis,* 237 F.3d 920, 926 (8th Cir.2001). To survive summary judgment

at this stage of the *McDonnell Douglas* analysis, plaintiff must create a fact issue as to whether R & M's proffered reason is pretextual and whether a prohibited motive was a determinative factor in the discharge. *Id.* The Magistrate Judge found that sufficient fact questions existed to preclude summary judgment.[6]

Defendants object to the recommendation of the Magistrate Judge arguing that plaintiff has not proffered sufficient evidence to create a fact question on the issue of pretext. Defendants make three arguments. First, that no reasonable jury could conclude that plaintiff did not strike his supervisor. Second, that the plant manager's reasonable belief that plaintiff struck Ruotsinoja is a sufficient justification for terminating plaintiff. Third, that plaintiff presented no independent evidence of discrimination. Viewing the evidence in the light most favorable to plaintiff, the Court agrees with the Magistrate Judge and finds that plaintiff has created a genuine issue of material fact precluding summary judgment.

■ With respect to defendants' first objection, it is not the province of this Court to weigh evidence and make credibility determinations. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("the weighing

---

5. Plaintiff's Amended Complaint is somewhat confusing concerning the theory under which he alleges discrimination. Plaintiff appears to assert claims of disparate treatment and hostile work environment in his Amended Complaint. The parties, however, have focused on the disparate treatment claim. The Court will therefore assume, as defendants did in their objections, that plaintiff has established his prima facie case of disparate impact: that plaintiff is within a protected group, that he met the applicable job qualifications, and that he was discharged. *Williams v. Ford Motor Company,* 14 F.3d 1305, 1308 (8th Cir.1994) (stating that a "prima facie case requires only that [plaintiff]

establish facts adequate to permit an inference of discrimination").

6. The Magistrate Judge relied heavily on *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), to support the recommendation that defendants' motion be denied. Defendants object to the Magistrate Judge's reliance on *Reeves* in this case. *Reeves* only aids plaintiff if he has produced sufficient evidence to reject the legitimate explanation for plaintiff's termination offered by R & M. *Taylor v. QHG of Springdale, Inc.,* 218 F.3d 898, 900–01 (8th Cir.2000). As noted below, plaintiff has in fact offered sufficient evidence on this issue to create a fact question.

of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"). Instead, the Court is to view the evidence in the light most favorable to the non-moving party and draw such inferences in favor of the non-moving party as the evidence allows. Here, plaintiff testified that he inadvertently struck Ruotsinoja while falling backwards after being pushed by Ruotsinoja. While defendants have proffered evidence of witnesses indicating that plaintiff punched Ruotsinoja, those two witnesses also testified that the force of Ruotsinoja's push was enough to move the plaintiff significantly backwards. There is conflicting evidence on this issue that requires a credibility determination for the jury.

Defendants also argue that even if a fact question exists on whether plaintiff hit Ruotsinoja, there is no evidence that the plant manager, who was responsible for plaintiff's termination, did not believe that plaintiff struck Ruotsinoja. This reasonable belief, defendants contend, is enough to warrant summary judgment in their favor. While the reasonable belief of the employer is certainly an important factor in evaluating defendants' motion for summary judgment, *see, e.g., Wilking v. County of Ramsey,* 153 F.3d 869, 873 (8th Cir. 1998), it is not determinative in this case. Because plaintiff's claim is one based on disparate treatment, plaintiff can survive summary judgment by creating a fact issue by proffering evidence that when considered in its entirety, creates a fact question as to whether R & M's reason for termination is pretextual and creates a reasonable inference that a prohibited motive was a determinative factor in the discharge. *Cronquist,* 237 F.3d at 926.

Plaintiff argues that his striking of Ruotsinoja was merely a pretext for termination because Ruotsinoja, a white employee, was not similarly disciplined for his involvement in the altercation. Plaintiff must show that he and Ruotsinoja were similarly situated in all relevant respects to succeed. *Ward,* 111 F.3d at 560; *Harvey,* 38 F.3d at 972. Plaintiff has sustained his burden on this issue creating a sufficient fact issue for trial.

Plaintiff has proffered sufficient evidence to show that he and Ruotsinoja were involved in the same offense, but were punished differently. Defendants rely heavily on *Ward v. Procter & Gamble Paper Prods. Co.,* 111 F.3d 558, 560 (8th Cir.1997). They argue that the case is squarely on point with the facts here, mandating summary judgment. While the factual circumstances in *Ward* are certainly similar to the facts here, *Ward* is distinguishable. In *Ward,* the court concluded that the two employees were not similarly situated because their offenses "were quite different." *Id.* at 561. That is not the case here. In *Ward,* the court determined that the altercation between two employees involved differing levels of escalation. *Id.* There, the employees engaged in mutual finger pointing, followed by one employee grabbing the finger of the other. The confrontation was then escalated by an open-handed slap. *Id.* The court found that the two escalations involved objectively different conduct justifying different discipline by the employer *Id.* Here, the facts do not support the type of distinction made by the court in *Ward.*

Both parties appear to concede that the altercation began as an argument involving a heated verbal exchange. Following that exchange, the evidence viewed in the light most favorable to plaintiff, shows that Ruotsinoja pushed plaintiff hard enough to force him backwards. Even assuming that the Court was willing to accept defendants' version of the facts, that plaintiff retaliated by affirmatively striking Ruotsinoja in the face, the Court cannot conclude that the altercation involved differing levels of es-

calation. Ruotsinoja's initiation of aggressive physical contact against plaintiff is not significantly different from the alleged conduct of plaintiff in striking Ruotsinoja. Accordingly, the Court concludes that the employees were "involved in ... the same offense and ... disciplined in different ways." *Harvey*, 38 F.3d at 972 (quoting *Boner v. Board of Comm'rs.*, 674 F.2d 693, 697 (8th Cir.1982)). Because plaintiff and Ruotsinoja were similarly situated in all relevant respects, but disciplined differently, plaintiff has created a genuine issue of material fact on the issue of pretext. This permits the Court to draw an inference that plaintiff's race was the determining factor in the decision to terminate him. Summary judgment is therefore inappropriate. Defendants' motion is denied.

### ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** the objections of defendants [Docket No. 26] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 24]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment [Docket No. 12] is **GRANTED in part** and **DENIED in part.**

2. Plaintiff's claims against R & M Manufacturing Co., for negligent and/or intentional infliction of emotional distress (Count 3) are **DISMISSED, with prejudice.**

3. Defendants' motion is **DENIED** in all other respects.