# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1660

_____

| | | |
|---|---|---|
| Vickie S. Moyer, | * | |
| | * | |
| Petitioner-Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| DVA Renal Healthcare, Inc., | * | [UNPUBLISHED] |
| | * | |
| Respondent-Appellee. | * | |

_____

Submitted: December 17, 2009
Filed: March 30, 2010

_____

Before LOKEN, Chief Judge, BENTON, Circuit Judge, and VIKEN,[1] District Judge.

_____

BENTON, Circuit Judge.

Vickie S. Moyer sued her former employer, DVA Renal Healthcare, alleging race discrimination, wrongful discharge, and retaliation. The district court[2] granted summary judgment to DVA. *See* 2009 WL 426537 (E.D. Ark. Feb. 20, 2009). Moyer appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1] The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota, sitting by designation.

[2] The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

# I.

DVA provides dialysis services to patients with chronic kidney failure. It requires employees to follow infection control guidelines. Violation of the guidelines can result in disciplinary action, including termination.

In 2003, DVA hired Moyer, a white woman, as a patient-care technician. In 2006, DVA hired a new facility administrator and a new nurse manager – both African-American women.

In early March 2007, the two supervisors met with Moyer to discuss her time-management skills. They disagreed whether certain patient activities needed to be documented. Moyer became angry, and left the room screaming. One supervisor followed Moyer into the breakroom, where she was about to call DVA's anonymous compliance hotline. The supervisor warned her not to call compliance, threatening to fire her. Moyer called the supervisor a racist. (The next day, unbeknownst to the supervisors, Moyer did call the compliance hotline to complain she had been unfairly reprimanded.) After the confrontation, Moyer received a verbal warning, but no loss in pay, seniority, or work hours.

On March 19, Moyer received an annual performance evaluation consistent with those given by white supervisors in the past. The same day, DVA gave her a 3.02 percent pay raise.

On March 30, the administrator disciplined Moyer for leaving a needle exposed on March 26, in violation of DVA guidelines. (The patient later developed an infection.) DVA terminated Moyer on April 5 for "unsatisfactory performance," after she was disrespectful in a meeting that day. Between early March and her termination, Moyer had also received oral and written warnings for not clocking out

from work as directed, failing to complete required patient documentation, arriving late to a mandatory staff meeting, and arguing with her supervisor.

Moyer sued DVA, alleging race discrimination, wrongful discharge, and retaliation, in violation of the public policies of Arkansas. In the district court, Moyer presented an affidavit of a black employee who said that the two supervisors were unprofessional, unpleasant, and rude. Two white affiants also asserted that the supervisors treated white employees unfairly. The court granted DVA's motion for summary judgment. Moyer appeals.

## II.

This court reviews the district court's judgment de novo. *Littleton v. Pilot Travel Ctrs.,* 568 F.3d 641, 644 (8th Cir. 2009). Summary judgment is appropriate if, viewing the evidence favorably to the non-movant, no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. *King v. Hardesty,* 517 F.3d 1049, 1056 (8th Cir. 2008).

## A.

The Arkansas Civil Rights Act (ACRA) forbids discrimination in employment. Ark. Code Ann. § 16-123-107(a)(1). As guidance on ACRA discrimination claims, the Arkansas Supreme Court draws upon Title VII and the federal cases interpreting it. *Henderson v. Simmons Foods, Inc.*, 217 F.3d 612, 615 (8th Cir. 2000).

In Title VII race discrimination cases, a plaintiff may survive summary judgment by presenting direct evidence of discrimination. *Russell v. City of Kansas City*, 414 F.3d 863, 865 (8th Cir. 2005). Moyer does not present direct evidence of discrimination. Moyer may create an inference of unlawful discrimination under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

(1973).  Under it, Moyer must show that she: (1) is a member of a protected class; (2) was meeting the employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly-situated employees who were not members of her protected class.  *Id.* at 802.

Moyer fails to create an inference of unlawful discrimination.  First, she did not meet the legitimate work expectations of DVA.  Moyer claims that the facts of the needle incident that precipitated her termination are disputed.  However, she admittedly failed on a number of occasions to abide by DVA's policy on infection control and professional conduct.

Second, Moyer has not identified similarly-situated employees outside her protected class who enjoyed preferential treatment.  "Employees are similarly situated when they are involved in or accused of the same offense and are disciplined in different ways."  *Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972 (8th Cir. 1994).  Employees must be similarly situated in all relevant respects.  *Wimbley v. Cashion*, 588 F.3d 959, 962 (8th Cir. 2009).  Although Moyer claims that two African-American employees violated DVA's polices but were not fired, she does not show that either employee committed the same infractions she did – shouting and crying in the treatment facility, using contaminated medical equipment on a patient, behaving unprofessionally toward supervisors, and failing to wear protective equipment despite having just received training and having been reminded three times to do so.  Thus, the two African-American employees are not similarly situated.

Even if Moyer could establish a prima facie case of race discrimination, an employer "may avoid liability under [the ACRA] by showing that his or her actions were based on legitimate, nondiscriminatory factors and not on unjustified reasons."  Ark. Code Ann. § 16-123-103(c).  DVA had legitimate, nondiscriminatory reasons for Moyer's termination.  Insubordination and violation of company policy are justifiable reasons for termination.  *See, e.g., Twymom v. Wells Fargo & Co.*, 462 F.3d 925, 935

(8th Cir. 2006); *Johnson v. AT&T Corp.*, 422 F.3d 756, 762 (8th Cir. 2005); *Ward v. Procter & Gamble Paper Prod.*, 111 F.3d 556, 560 (8th Cir. 1997); *Price v. S-B Power Tool*, 75 F.3d 362, 365-66 (8th Cir. 1996); *Miner v. Bi-State Dev. Agency*, 943 F.2d 912, 913-914 (8th Cir. 1991). Therefore, the district court properly granted summary judgment on Moyer's race discrimination claim under the ACRA.

## B.

In Arkansas, an "at-will employee cannot be terminated if he or she is fired in violation of a well-established public policy of the State, but such public policy must be outlined in our statutes." *Island v. Buena Vista Resort*, 103 S.W.3d 671, 679 (Ark. 2003). *See also Northport Health Serv., Inc. v. Owens*, 158 S.W.3d 164, 174 (2004); *Sterling Drug, Inc. v. Oxford*, 743 S.W.2d 380, 385 (1988) (recognizing that the constitution also sets the state's public policy). Arkansas public policy prohibits the termination of at-will employees based on race discrimination and retaliation. Ark. Code Ann. §§ 16-123-107(a)(1), 16-123-108.

A prima facie case of wrongful discharge for violation of public policy requires substantial evidence that discrimination or retaliation was the reason for the discharge. *Wal-Mart Stores, Inc. v. Baysinger*, 812 S.W.2d 463, 467(Ark. 1991). "When an employee has made a prima facie case of retaliation, or wrongful discharge, the burden shifts to the employer to prove that there was a legitimate, non-retaliatory reason for the discharge." *Id.*

As stated above, Moyer has not established a prima facie case that her termination resulted from race discrimination. She has likewise failed to rebut DVA's legitimate, nondiscriminatory reasons for the discharge. Therefore, her wrongful termination claim fails.

In order to establish a prima facie case of retaliation, Moyer must produce evidence that: (1) she engaged in statutorily protected activity; (2) a materially adverse action was taken against her; and (3) there is a causal connection between the two events. *Fanning v. Potter*, No. 4:07CV01194 SWW, 2009 WL 49753, at *3 (E.D.Ark. Feb. 25, 2009), *citing **Burlington Northern & Santa Fe R.R. Co. v. White***, 548 U.S. 53, 60, 68 (2006).

Moyer has failed to establish a prima facie case of retaliation. First, her call to the compliance hotline is not a statutorily protected activity, because she called to protest an unfair reprimand, not to report any violation of the law. Private interests do not implicate Arkansas public policy. *See **Sterling Drug***, 743 S.W.2d at 385. Second, Moyer does not establish a causal connection between her call to the hotline and her termination. Moyer presents no evidence that her supervisors even knew of her call to the hotline.

Moyer's wrongful termination and retaliation claims fail, and summary judgment was appropriate.

III.

The judgment of the district court is affirmed

_____