[No. 34307. Department Two. November 21, 1957.]

WILLIS HELLUM, *Respondent*, v. C. ARVID ' JOHNSON, *as Commissioner of Safety of the City of Everett, Appellant.*[1]

*Leslie R. Cooper,* for appellant.

*Dailey & Conroy,* for respondent.

DONWORTH, J.—This is an appeal from a judgment directing appellant to appoint respondent a captain of police in the city of Everett, retroactive to October 1, 1956.

Article VIII, § 66, of the city charter of Everett (relating to civil service), provides, in part:

"(a) The commission shall provide for the classification of all employees except day laborers and the appointive officers mentioned in the previous sections of this Charter; for open, competitive and free examination as to fitness; for an eligibility list from which vacancies shall be filled; for a period of probation before employment is made per-

[1]Reported in 317 P. (2d) 1073.

manent; and for promotion on the basis of merit, experience and record."

In compliance therewith, the civil service board promulgated Rule 3, § 5, which provides:

"The Commission shall certify to the appointing power the names and addresses of *all* persons who have successfully passed the examinations for the class or grade to which said position belongs, together with the standing in the examination or examinations of such persons, *and such persons shall take rank upon the register, as candidates, in the order of their relative excellence, as determined by their examinations. Appointments shall be made from the three highest candidates on the list who have declared themselves as available for appointment. The appointing power shall have the right to select any one of the three highest available candidates so certified to fill the vacancy.* This rule shall apply to promotional appointments as well as initial appointments." (Italics ours.)

The single question presented is the correct interpretation of this rule as applied to the undisputed facts stated below.

Pursuant to Rule 3, a competitive examination was held in March, 1954, for the position of captain of police. In April, the names of six persons who had successfully passed the examination were certified by the commission to appellant (the appointing officer) as qualified for appointment. As required by the rule, their names appeared on the eligibility list in the "order of their relative excellence as determined by their examinations." Since respondent had attained the highest passing grade, his name appeared first on the list of persons eligible.

Thereafter, three vacancies in the rank of captain in the Everett police department occurred at different times. The first vacancy was filled September 1, 1955, at which time appellant appointed the person whose name appeared third on the eligibility register. On September 20, 1955, in filling the second vacancy, appellant appointed the person whose name appeared fourth on the list. The person whose name appeared fifth on the list was similarly appointed on October 1, 1956. Respondent and the person whose name ap-

peared second on the eligibility list were both passed over in filling each vacancy as it occurred.

Shortly after the appointment of the man named fourth on the list to fill the second vacancy, respondent entered his protest with the civil service commission, which sustained the appointment made by appellant. A similar protest was made by respondent when appellant appointed the fifth person on the list to fill the third vacancy. This protest, also, was overruled by the commission. Respondent thereafter brought this action, seeking a writ of mandate directing appellant to appoint him captain of police.

The trial court held that in filling the second and third vacancies, appellant, under Rule 3, § 5, of the civil service board, had authority to select *only* one of the two persons whose names appeared at the top of the list, "they being the only remaining two of the three highest available candidates so certified to fill a vacancy in the position of captain in the police department."

Appellant contends that each of the last two appointments, as made, was proper; that in filling each vacancy as it occurred, appellant had the right to select "any one of the three highest available candidates" then remaining on the eligibility register.

Respondent contends that the first sentence of the rule requires but one certification of "*all* persons who have successfully passed the examinations," those persons to "take rank upon the register, as *candidates*, in the order of their relative excellence as determined by their examinations."

The second sentence of the rule provides that "*appointments* shall be made from the three highest *candidates* on the list who have declared themselves *available* for appointment." Respondent points out that this sentence contemplates several appointments (which could either be simultaneous or successive) to be made from among the top three candidates who had, by their own act, declared themselves to be available for appointment.

The third sentence of Rule 3 grants to the appointing

power the "right to select any one of the three highest *available candidates* so certified to fill the vacancy."

■ We cannot agree with the trial court's interpretation of this rule, because it seems to us that in promulgating the rule it was the intention of the commission that the appointing power should, whenever a vacancy occurs, have a choice among three candidates, to wit, the persons named in the list who had the three highest grades on the examination and were available for appointment when the vacancy occurred.

The three appointments pertinent to this case were made by appellant in the following manner:

In April, 1954, respondent was first ranking of six eligible candidates, all of whom had declared their availability for appointment. In filling the first vacancy (September 1, 1955), appellant appointed the third ranking candidate. Respondent concedes that appointment to be proper.

On September 19, 1955, the day prior to the second appointment, the eligibility list contained the names of the original six candidates. But since the person whose name appeared third on the list had been appointed, he was no longer a candidate, because he was not then available for appointment.

On the day prior to the third appointment, which was made on October 1, 1956, the eligibility list likewise contained the names of the original six candidates. However, since the persons whose names appeared third and fourth thereon had previously been appointed, they were no longer candidates, because they were not then available for appointment.

In each instance, appellant appointed as police captain the person who had the lowest examination grade of the three highest on the list who were at that time available for appointment. In so doing, appellant in each instance was acting in compliance with the rule.

The only decision cited by respondent is *Jenkins v. Gronen*, 98 Wash. 128, 167 Pac. 916 (1917), which involved the interpretation of a provision of the Tacoma charter relating to civil service appointments. Respondent argues

that this case, while not directly in point, supports his position that there shall be only one certification by the commission, and that subsequent certifications for vacancies occurring in the same position are illegal. While there is a statement in appellant's brief that there was a certification at the time each vacancy occurred, the record shows only one certification. But whether or not there was, in fact, more than one certification is immaterial, if (and there is no evidence to the contrary) the names of the three highest candidates then available for appointment were certified to appellant as each vacancy occurred, because Rule 3 provides:

". . . The appointing power shall have the right to select any one of the three highest available candidates so certified to fill the vacancy. . . ."

Appellant, in each instance, did precisely what the rule authorized him to do, to wit, select one of the three highest available candidates certified by the board and appoint him to fill the existing vacancy.

A question (not discussed in the briefs) suggests itself from a reading of the findings of the trial court. How can respondent, as one of *two* remaining of the original three highest available candidates, be entitled to legally compel his appointment to the position when, even under respondent's interpretation of the rule, appellant would have the right to appoint the other person who also was eligible? In view of the conclusion we have reached, this query needs no further comment.

The judgment is reversed, and the cause is remanded with instructions to dismiss the action.

HILL, C. J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.