**Kimberly T. PETERS, a married woman, Plaintiff–Appellant,**

v.

**SHAMROCK FOODS COMPANY, an Arizona corporation, Defendant–Appellee,**

and

**US Foodservice Inc., a Delaware corporation, Defendant.**

No. 06–15356.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2007.*

Filed Dec. 27, 2007.

Mark F. Brinton, Esq., Law Office of Mark F. Brinton, P.C., Mesa, AZ, for Plaintiff–Appellant.

Ari Karen, Esq., James E. Fagan, Esq., Scott V. Kamins, Esq., Krupin O'Brien L.L.C., Washington, DC, Martin P. Clare, Esq., Campbell Yost Clare & Norell P.C., Phoenix, AZ, for Defendant–Appellee.

Before: FARRIS, BEEZER, and THOMAS, Circuit Judges.

## MEMORANDUM **

Kimberly Peters appeals the district court's order granting summary judgment in favor of Shamrock Foods Company. We review de novo, *Qwest Commc'ns, Inc. v. City of Berkeley,* 433 F.3d 1253, 1256 (9th Cir.2006), and affirm. The parties are familiar with the facts and we do not repeat them here.

Peters alleges that Shamrock unlawfully discriminated against her based upon her gender when Shamrock failed to promote her to the position of Food Service Sales Manger.[1] *See* 42 U.S.C. § 2000e–2(a)(1). Under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), Peters has established a prima facie case of discrimination. *See Dominguez–Curry v. Nev. Transp. Dep't,* 424 F.3d 1027, 1037 (9th Cir.2005).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Peters' gender discrimination claim based upon her nonselection for the position of External Marketing Representative is time-barred because she did not submit a timely EEOC charge. *See Ledbetter v. Goodyear Tire & Rubber Co.,* —— U.S. ——, 127 S.Ct. 2162, 2166–67, 167 L.Ed.2d 982 (2007).

In response, Shamrock provides legitimate, nondiscriminatory reasons for why it hired Matt Lewis over her for the position. *See Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir.1996). Shamrock submits evidence that Lewis was more qualified than Peters—he had a college degree, computer skills, a great reputation within the company, strong leadership skills, superior interview responses and managerial experience. Shamrock also provides evidence of negative performance reviews that Peters had received in the areas of interpersonal skills and leadership skills.

The burden accordingly shifts back to Peters to show that Shamrock's alleged reasons for Peters' nonselection are merely pretext for another motive which is discriminatory. *Dominguez–Curry*, 424 F.3d at 1037. Peters may show pretext either (1) directly by showing that unlawful discrimination more likely than not motivated the employer, or (2) indirectly by showing that the employer's proffered explanation is unworthy of credence because it is inconsistent or otherwise not believable. *Id.*

**I**

Peters argues that she provided direct evidence of discrimination when she testified that Elliot Begoun, her supervisor, told her that she was not selected for the position of External Marketing Manager because she was a mom and Begoun felt that Peters could not travel. "Direct evidence is evidence 'which, if believed, proves the fact [of discriminatory animus] without inference or presumption.'" *Coghlan v. Am. Seafoods Co. L.L.C.*, 413 F.3d 1090, 1095 (9th Cir.2005) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir.1998) (internal quotation omitted)). Direct evidence "typically consists of clearly sexist, racist, or similarly discriminatory statements or actions by the employer." *Id.* Begoun's statement does not constitute direct evidence of discrimination.

The term "mom" means "mother," which is a "female parent." Webster's Ninth New Collegiate Dictionary 764, 774 (1984). There are two components to the term, one concerning gender and the other concerning parental status. In order to construe the term as discriminatory, an additional inference is required that Begoun used the term with a discriminatory animus based upon Peters' gender. The necessity of such an inference means that the term "mom" alone is not direct evidence of discrimination. *See Coghlan*, 413 F.3d at 1095. If Begoun's "mom" comment is considered a discriminatory statement, it is a mere stray remark. *See Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438 (9th Cir.1990). A single comment related to a separate employment action made two years prior to Peters' nonselection for the Food Service Sales Manager position is not direct evidence of discrimination.

**II**

Peters argues that circumstantial evidence suggests that Shamrock's reasons are pretextual. She argues that (1) Begoun's subjective complaints about Peters are unreliable because he is unable to support them with any details; (2) she is significantly more qualified than Lewis for the position; (3) Lewis' 11–month tenure indicates poor selection; (4) the fact that Lewis submitted his application late permits the factfinder to infer a discriminatory motive in his hiring; (5) the EEOC's Valid Cause Determination supports her claim of discrimination; and (6) Shamrock's discriminatory animus was a motivating factor in its decision to deny her the promotion. Circumstantial evidence "is evidence that requires an additional inferential step to demonstrate discrimination."

*Coghlan,* 413 F.3d at 1095. Peters can either make an affirmative case that the employer is biased or make her case negatively, by showing that the employer's proffered explanation for the adverse action is "unworthy of credence." *Id.* (citing *Tex. Dep't of Comty. Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). When the plaintiff relies on circumstantial evidence, that evidence must be "specific and substantial" to defeat the employer's motion for summary judgment. *Godwin,* 150 F.3d at 1222; *but see Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1029–31 (9th Cir.2006).

Assessing whether Peters' gender was a motivating factor in her nonselection, we first take note of the fact that Begoun both hired and previously promoted Peters, creating a strong inference that there was no discriminatory action. *See Bradley,* 104 F.3d at 270–71; *see also Coghlan,* 413 F.3d at 1096 (holding that the *Bradley* logic applies equally to cases where plaintiff was not fired, but merely offered a less desirable job assignment). Although the "same actor" inference might not apply in nonselection cases where the employer systematically excluded women from upper-management positions, that is not the case here. *See id.* at 1096 n. 9. Not only did Begoun hire Peters, he also promoted her from Produce Specialist to Dairy Sales Specialist. *Id.* After Lewis failed to work out as Food Service Sales Specialist, Shamrock hired a woman, Maureen Sebert, for the position. The "same actor" logic creates a strong inference against discrimination in this case.

Peters argues that Begoun's inability to provide specific examples of instances where Peters failed to exhibit leadership or interpersonal skills is circumstantial evidence of pretext. We are not persuaded that Begoun's testimony is unworthy of credence, particularly because it is but-

tressed by his assessment of Peters in routine performance reviews unrelated to any employment action. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Suggesting pretext, Peters contends that she possesses superior qualifications to Lewis. Qualifications evidence standing alone may establish pretext where the plaintiff's qualifications are "clearly superior" to those of the selected job applicant. *Raad v. Fairbanks N. Star Borough Sch. Dist.,* 323 F.3d 1185, 1194 (9th Cir.2003). Although their relative suitability for the job is debatable, no reasonable factfinder would find that Peters' qualifications are "clearly superior" to those of Lewis.

Peters suggests that Lewis' brief, 11-month tenure indicates that Shamrock made a poor decision in selecting him over Peters. That Shamrock made unwise business decisions does not support an inference of discrimination. *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1285 (9th Cir.2000).

Peters contends that Shamrock's discriminatory motive may be inferred from the fact that it accepted Lewis' application late. Deviations from protocol and procedural irregularities can create an inference of pretext. *Porter v. Cal. Dep't of Corr.,* 419 F.3d 885, 895 (9th Cir.2005). Shamrock's failure to observe its own deadline provides some support for a finding of pretext.

Peters argues that the EEOC's valid cause determination supports a finding of pretext. An EEOC determination letter is not "a free pass through summary judgment." *Mondero v. Salt River Project,* 400 F.3d 1207, 1215 (9th Cir.2005). As in *Mondero,* the EEOC letter here is not persuasive because the EEOC did not conduct a separate investigation, but merely recited the facts alleged by Peters.

Finally, Peters argues that Begoun's discriminatory motivation still permits a finding of pretext even if it were uncontested that Lewis possessed superior qualifications. The lone evidence of discriminatory animus that Peters relies upon is the "mom" comment. Peters has made no suggestion that the context, inflection, tone of voice, local custom or historical usage of the term "mom" is anything but benign. *See Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 456, 126 S.Ct. 1195, 163 L.Ed.2d 1053 (2006). Begoun's lone statement made two years before Peters' nonselection in an unrelated context does not support an inference of discriminatory motive, particularly considering the "same actor" inference against discrimination we give in this case. Peters provides no other examples of any remotely discriminatory behavior by Begoun or anyone else at Shamrock.

After examining all of the purported circumstantial evidence of pretext, only the late acceptance of Lewis' application supports her claim. This minor procedural deviation is not "significant" circumstantial evidence sufficient to overcome Shamrock's motion for summary judgment. *Godwin*, 150 F.3d at 1222.

### III

Because Peters has supplied neither direct evidence nor specific and substantial circumstantial evidence of discrimination, she has failed to carry her burden of proving that Shamrock's legitimate, nondiscriminatory reasons for her nonselection were merely pretextual.

**AFFIRMED.**

THOMAS, Circuit Judge, dissenting:

I respectfully dissent. The district court's grant of summary judgment in favor of Shamrock Foods Company should be reversed, and the case remanded for trial.

Peters provided direct evidence of discriminatory intent when she testified that her supervisor, Elliot Begoun, explained that the reason he denied her the position of External Marketing Manager was because she was a "mom" and therefore "couldn't travel." This statement, on its face, establishes sex discrimination because it demonstrates clearly impermissible sex-stereotyping. *See, e.g., Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 120 (2d Cir.2004) ("[I]t takes no special training to discern stereotyping in the view that a woman cannot 'be a good mother' and have a job that requires long hours.... These are not the kind of 'innocuous words' that we have previously held to be insufficient ... to provide evidence of discriminatory intent."); *Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 57 (1st Cir.2000) (finding evidence of sex discrimination where employment decision maker questioned plaintiff's "ability to fulfill her work responsibilities should she have a second child"); *Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1044 (7th Cir.1999) (holding decision maker's "remarks [to plaintiff] and her co-workers ... that she would be happier at home with her children provided direct evidence of discrimination"). Because Peters presented direct evidence of Begoun's discriminatory animus, she has demonstrated a triable issue of fact as to Begoun's actual motivation. *See Chuang v. U. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1128 (9th Cir.2000).