**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL G. GARCIA, individually; SHERMAN MAH, individually; RICHARD J. WOLFINGTON, individually, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF EVERETT, a municipal corporation; DAVID M. FUDGE, individually and his marital community; KATHERINE A. ATWOOD, individually and her martial community, <br><br> Defendants-Appellees. | No. 16-35005 <br><br> D.C. No. 2:14-cv-00030-RAJ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted February 6, 2018
Seattle, Washington

Before: M. SMITH and MURGUIA, Circuit Judges, and ROBRENO,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

Plaintiffs-Appellants Manuel Garcia, Sherman Mah, and Richard Wolfington (collectively "Appellants") served as police officers with the City of Everett's Police Department. Garcia maintains Defendants-Appellees racially discriminated against him by demoting him from lieutenant at the end of his probationary period. Mah and Wolfington assert Defendants-Appellees racially discriminated against them in deciding not to promote them. On appeal, Appellants challenge the district court's grant of Defendants-Appellees' motion for summary judgment on Appellants' discrimination claims under 42 U.S.C. §§ 1981, 1983, and the Washington Law Against Discrimination ("WLAD"). Additionally, Wolfington appeals the district court's grant of summary judgment to Defendants-Appellees on his retaliation claim. Appellants also appeal the district court's decision to exclude a proposed expert's testimony. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. We review the district court's grant of summary judgment *de novo*. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004). Where, as here, a plaintiff-appellant has established a prima facie case of discrimination and a defendant-appellee has produced evidence of a legitimate non-discriminatory reason for the adverse action, the plaintiff "must produce some evidence suggesting that [an employer's] failure to promote him was due in part or whole to discriminatory intent" to defeat summary judgment. *Id.* at 1123.

2

2.     Garcia established a prima facie case of discrimination. *See Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123–24 (9th Cir. 2000). Defendants-Appellees offered legitimate, non-discriminatory reasons for demoting Garcia from lieutenant at the end of his probationary period because they maintain he did not meet the Everett Police Department's expectations for lieutenants based on issues reflected in Garcia's probationary reviews. *See id*. Thus, to survive summary judgment, Garcia must produce some evidence of discriminatory motive. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006); *McGinest*, 360 F.3d at 1122. Garcia fails to produce such evidence.

Garcia argues his supervisor, Captain David Fudge, manufactured three negative probationary evaluations. Although evidence that an employer falsified a performance evaluation may be a common method of demonstrating pretext, the record does not support Garcia's contention that Fudge falsified Garcia's probationary evaluations because, reviewed as a whole, the record does not raise material doubts as to the performance evaluations' factual veracity. *See Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1140 (10th Cir. 2000) (explaining that evidence that an employer falsified an evaluation is a common method to demonstrate pretext); *see also George v. Leavitt*, 407 F.3d 405, 415 (D.C. Cir. 2005).

Garcia also contends the Everett Police Department refused to allow for an independent evaluation of Garcia's performance or to extend his probationary

3

period, which allegedly previously had been done for a white probationary lieutenant. However, Garcia does not provide sufficient details for the court to determine whether Garcia and the unidentified white probationary lieutenant were actually similarly situated. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641–42 (9th Cir. 2003) (holding that although showing that similarly situated employees' outside of plaintiff's protected class were treated more favorably than plaintiff is probative of pretext, plaintiff failed to provide sufficient evidence to make that showing); *see also Ward v. Procter & Gamble Paper Prods. Co.*, 111 F.3d 558, 560 (9th Cir. 1997).

Finally, Garcia asserts that Fudge had a history of racist attitudes and behaviors that could support a jury finding that Fudge acted with conscious or unconscious bias. In support of his argument, Garcia cites a cursory reference to a lawsuit from 1991 where Fudge and the City of Everett were sued for civil rights violations, which included allegations of racial discrimination, and in which all parties were found equally at fault. This portion of the record does not state that the lawsuit resulted in a finding that Fudge took discriminatory actions against the plaintiff in that case. This incomplete citation to the record, standing alone, hardly constitutes a known history of racist attitudes and behavior. Accordingly, we affirm the district court's decision to grant Defendants-Appellees' motion for summary judgment on Garcia's discrimination claim.

3. Mah also established a prima facie case of discrimination. Defendants-Appellees offered legitimate, non-discriminatory reasons for choosing not to promote Mah to sergeant, asserting that they determined Mah was not qualified for the job based on his poor interviews and lack of leadership skills. Thus, to survive summary judgment, Mah must produce some evidence of discriminatory motive. *See Cornwell*, 439 F.3d at 1028; *McGinest*, 360 F.3d at 1122. Mah fails to produce such evidence.

Mah attacks the factual bases supporting Defendants-Appellees reasons for not promoting him, asserts that he was treated differently than non-minorities, and claims he was treated differently in the interview process. However, on this record, Mah has not presented enough evidence to demonstrate that the Everett Police Department's assessment of his performance during both interviews was pretext for discrimination. *See Chuang*, 225 F.3d at 1124; *see also Peters v. Shamrock Foods Co.*, 262 F. App'x 30, 32–34 (9th Cir. 2007) (holding that plaintiff failed to carry her burden of proving employer's legitimate, non-discriminatory reasons for not promoting her were pretextual where employer provided evidence that plaintiff needed to improve her interpersonal and leadership skills); *Roberson v. Pac. Lutheran Univ.*, No. 3:13-cv-05323-RJB, 2013 WL 5966133, at *3–4 (W.D. Wash. Nov. 8, 2013) (finding that plaintiff failed to produce evidence of pretext to demonstrate that employer's legitimate, non-discriminatory reasons for not hiring

plaintiff—that she did not possess the communication skills necessary for the position, that she was not the best candidate, and she did not possess the experience the employer sought in a candidate—were covering discriminatory motive), *aff'd* 616 F. App'x 276 (9th Cir. 2015). Additionally, contrary to Mah's assertion, the Everett Police Department did not violate the "rule of three" because the Department applied the rule in accordance with *Hellum v. Johnson*, 317 P.2d 1073, 1075 (Wash. 1957) (holding that when two vacancies for police captain occurred, the police department could choose to appoint a candidate who ranked in the top three of the remaining candidates at the time of appointment). Accordingly, we affirm the district court's grant of Defendants-Appellees' summary judgment motion on Mah's discrimination claim.

4.    Wolfington's discrimination claim fails because he has not demonstrated that Chief Katherine Atwood knew he is Native American, and Defendants-Appellees could not have discriminated against Wolfington based on race unless Atwood, as the decision-maker, was aware of Wolfington's race. *See Robinson v. Adams*, 847 F.2d 1315, 1316–17 (9th Cir. 1987). Wolfington does not point to anything in the record to show that Atwood relied exclusively on Fudge when deciding whether to promote Wolfington. As a result, Wolfington's discrimination claim fails. *See id.* at 1316.

5.    Wolfington claims he engaged in two separate protected activities by

6

"reporting to his supervisor that Fudge appeared to be harassing a female officer including acts that met the standards of domestic violence" and challenging Fudge's purported mistreatment of Garcia. Wolfington also claims he suffered the following adverse employment actions: (1) he was skipped over for promotion in violation of the "rule of three"; (2) he was not given any administrative sergeant position; (3) he was not given the active lieutenant position; (4) he suffered demeaning conduct at Fudge's hands because Fudge targeted him for failure and orchestrated a poor performance evaluation; and (5) his performance evaluation contained false and inaccurate information.

To establish a prima facie case of retaliation, Wolfington must show that "(1) [he] engaged in a protected activity, (2) [he] suffered an adverse employment action, and (3) there was a causal link between [his] activity and the employment decision." *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065–66 (9th Cir. 2003) (citation omitted); *Graves v. Dep't of Game*, 887 P.2d 424, 427 (Wash. Ct. App. 1994). Temporal proximity between the protected activity and the adverse employment action can in some cases, by itself, constitute sufficient circumstantial evidence of retaliation. *Bell v. Clackamas County*, 341 F.3d 858, 865–66 (9th Cir. 2003). Because Wolfington does not demonstrate that the elapsed time between his alleged protected activities and the alleged adverse actions are very close in time, his retaliation claim fails. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273

7

(2001); *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197–98 (9th Cir. 2003). Courts have held "very close" temporal proximity to mean that 1.5 months is sufficient whereas three and four months is too long. *See Breeden*, 532 U.S. at 273–74. Moreover, nowhere in his briefing does Wolfington argue with specificity which alleged protected activities and which alleged adverse actions were sufficiently "very close" in time. This failure prevents the Court from assessing whether Wolfington presented enough evidence to rely on temporal proximity to establish his retaliation claim. *See James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 n.1 (9th Cir. 2008) (finding that "some indications" of an argument are insufficient to preserve an argument on appeal and the argument is therefore waived) (citing *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.")). Therefore, Wolfington's retaliation claim fails.

6.     Finally, the district court did not abuse its discretion in striking Michael Letter's proposed expert testimony because the district court: (1) applied the correct legal standard in performing its gatekeeper function regarding the admission of evidence; and (2) concluded that Letter's opinions were unreliable and unhelpful because Letter failed to explain the basis for his opinions. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999) ("[T]he law grants a

district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination.") (emphasis in original); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 860 (9th Cir. 2014) (explaining that a proposed expert's testimony must "have a reliable basis in the knowledge and experience of his discipline," which "requires district courts, acting in a gatekeeping role, to assess whether the reasoning or methodology underlying the testimony is valid and whether that reasoning or methodology properly can be applied to the facts in issue") (citations and internal quotation marks omitted).

**AFFIRMED.**