# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2956

_____

April M. Clark,                                    *
                                                   *
           Appellant,              *
                                                   *   Appeal from the United States
    v.                                    *   District Court for the
                                                   *   District of Minnesota.
Marvin T. Runyon, Jr., in his official             *
capacity as Postmaster General of the              *
United States Postal Service,                      *
                                                   *
           Appellee.               *

_____

Submitted: June 15, 2000
Filed: July 27, 2000

_____

Before MUPRHY, HEANEY and MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

     April Clark filed suit against the United States Postal Service (USPS), alleging racial discrimination in violation of Title VII. After a six-day trial, the jury deliberated for fifty-five minutes and found for the USPS; however, Clark's motion for a new trial was granted. In the second trial, Clark waived her right to a jury trial, and the district

court[1] proceeded with a bench trial. The district court granted the USPS motion for judgment as a matter of law. Clark appeals the waiver of the right to a jury trial and the district court's grant of judgment as a matter of law. We AFFIRM.

I.

Clark, an African-American woman, was a mail clerk for the USPS from 1985 until June 24, 1996. On that date, two supervisors, Michael Tiemann and Enid Walters, fired Clark for violations of the USPS anti-violence policy, known as the "zero-tolerance" policy. The termination was a direct result of an altercation Clark had with white employees on March 27, 1996.

Clark has a long history of problems with the USPS. In 1993, Clark was hospitalized against her will by her own psychiatrist because Clark had verbally and physically assaulted a number of her co-workers. In 1994, Clark was disciplined for throwing a package at a fellow USPS employee and threatening another with bodily harm.[2] Again, in 1994, Clark was disciplined for punching a fellow employee. In 1995 Clark left her employment with the USPS. After a union grievance was filed, Clark returned to work on March 7, 1996. In order to facilitate a fresh start, Clark was assigned to the Annex, a separate facility on the outskirts of Minneapolis.

At the Annex, Clark worked with six temporary employees, five of whom happened to be white. Shortly after starting at the Annex, Clark began to complain about the music played by some of the white employees. On both March 19 and March 21, Clark complained to her fellow employees about their choice of music, and, on the

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

[2]Clark's threats involved extremely vulgar insinuations of incestuous relations and the breaking or kicking of specific body parts.

second date, took matters into her own hands and turned off the radio. At this point, Tiemann informed Clark that there was zero tolerance for threats or violence, and that if Clark threatened another employee she would be terminated.

On March 27, 1996, Clark got into a heated argument with Chromey, one of her fellow employees. After Chromey called Clark lazy, Clark accused Chromey of being a racist and then threatened Chromey with bodily harm. Chromey complained to Nielsen, a supervisor, who took Clark to Tiemann's office. While waiting for Tiemann to arrive, Clark admits that she threatened to beat the white employees. When Tiemann arrived, he placed Clark on leave.

On March 29, 1996, during an administrative hearing, Clark stated the threats were funny and responded "no comment" to questioning about the threats. Then, on May 15, 1996, Tiemann and Walters gave notice to Clark that she was to be terminated. Finally, on June 24, 1996, Clark was terminated.

In a complaint filed October 24, 1996, Clark asserted race and sex discrimination in the numerous disciplinary actions that had been taken against her. Judge Kyle dismissed all of Clark's claims except the racial discrimination claim for the discharge related to the March 27, 1996 incident. On May 5, 1998, Judge O'Brien conducted a jury trial, which resulted in a verdict for the USPS. On December 28, 1998, Judge O'Brien granted Clark's motion for a new trial. On April 23, 1999, Judge Kyle, again presiding over this case, after counsel for both parties agreed, entered an order for a bench trial. On May 7, 1999, Clark waived her right to a jury trial both orally and in writing. At that hearing Judge Kyle stated, "I said I have some reservations about [not granting summary judgment]. I haven't said there is no genuine issue of material fact." Plaintiff's counsel then asserted that trial was necessary, to which Judge Kyle agreed. Even after the court stated this reservation, Clark again reiterated her waiver of her right to trial by jury. Beginning on May 25, 1999, the district court conducted a two-day bench trial. At the close of Clark's argument, the

USPS filed a motion for judgment as a matter of law. The same day judgment as a matter of law was entered in favor of the USPS. This appeal followed.

## II.

First, Clark argues that the district court erred by not informing her that it had reservations about her claim prior to accepting her waiver of a jury trial. This claim is completely without merit. On April 23, 1999, Clark stipulated in writing that she was withdrawing her demand for a jury trial. Then, on May 7, 1999, she confirmed, both in writing and orally, that she was waiving her right to a jury trial. At the time of the oral confirmation, the district court stated it had considered dismissing Clark's claim for racial discrimination on summary judgment, but then decided to proceed with a bench trial. Clark never attempted to reinstate her request for a jury trial, never objected to the lack of a jury, and never asked Judge Kyle to recuse himself. Now, for the first time, Clark claims that the district court should have informed her of this "bias" prior to accepting her waiver. A demand for a jury trial may be waived by either a written or oral stipulation. See Fed. R. Civ. P. 39(a); see also Fields Eng'g & Equip. v. Cargill, Inc., 651 F.2d 589, 592 (8th Cir. 1981) (holding an oral waiver of trial by jury during pretrial conference is sufficient). Clark made both a written and oral stipulation waiving her right to a jury. The requirements of Rule 39(a) were met. Furthermore, any motion for Judge Kyle to recuse himself for bias had to be asserted promptly. See Perkins v. Spivey, 911 F.2d 22, 33 (8th Cir. 1990). The argument that the district court's musings from the bench somehow tainted Clark's repeated knowing waiver of a jury trial is completely without merit. As no error occurred below, we affirm the district court.

## III.

Second, Clark argues the district court erred by granting judgment as a matter of law to the USPS on the merits of her claim of racial discrimination. For a judgment

as a matter of law entered pursuant to Rule 52(c), we review the findings of fact only for clear error.  See Fed. R. Civ. P. 52(a).  We review the legal conclusions de novo. See Consolidated Elec. & Mechanicals, Inc. v. Biggs Gen. Contracting, Inc., 167 F.3d 432, 434 (8th Cir. 1999).

In order to establish a prima facie case of racial discrimination, the plaintiff must show that she 1) was a member of a protected group, 2) was meeting the legitimate expectations of her employer, 3) suffered an adverse employment action, and 4) that similarly situated employees, who are not members of the protected group were treated differently.  See Austin v. Minnesota Mining & Mfg. Co., 193 F.3d 992, 995 (8th Cir. 1999).  If this prima facie case is made out, the burden then shifts to the employer to identify a legitimate reason for the adverse employment action.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  The burden then shifts back to the employee to show that the articulated reason was a pretext.  See id. at 804.

Initially, Clark fails to demonstrate that she was treated more severely than other similarly situated employees.  In fact, Clark cannot identify a single employee who is similarly situated to her.  The appellant has the burden of demonstrating that there were individuals similarly situated in all relevant aspects to her by a preponderance of the evidence.  See Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 972 (8th Cir. 1994). Specifically, the individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.  See Lynn v. Deaconess Med. Ctr.-W. Campus, 160 F.3d 484, 487-88 (8th Cir. 1998).  Clark's history of violence and threats, and the fact that she violated the USPS violence policy, render her unique.  The first individual Clark seeks to compare herself to was disciplined for operating heavy machinery while intoxicated and did not have the same supervisor.  The second individual Clark seeks to compare herself to was not disciplined.  This person raised a heavy hook in the air during an argument with a co-worker, but no one present at the argument believed the hook was raised as a threat, and, furthermore, this employee had

no history of violence. Finally, Clark seeks to compare herself to Chromey, one of her victims. Chromey has no history of violent behavior, and, thus, is not similarly situated to Clark. Furthermore, none of the three other USPS employees Clark seeks to compare herself to is similarly situated to her.

Even if Clark has made out a prima facie case, judgment as a matter of law was proper because the USPS had a legitimate nondiscriminatory reason for firing Clark, her repeated violence towards fellow employees. Both actual violence against fellow employees and threats of violence are legitimate reasons for terminating an employee. See Ward v. Procter & Gamble Paper Prods., Co., 111 F.3d 558, 560 (8th Cir. 1996). Clark's claim that her threats and violent actions were mere pretext is unsupported by the evidence she presented. Clark was in fact told, prior to the March 27, 1996, incident that any threats made by her would result in her termination. Clark claims her threats were conditional on the other employees not turning down their radio and backing down. That is, Clark would only beat her fellow employees if they refused to turn off a style of music she disliked. Even if her threats were conditional, the zero tolerance policy was still violated. There is no exception for conditional threats. Additionally, Clark had no right to force the other employees to change their listening habits, thus the threat of violence easily could have come to fruition. Clark presents no evidence, much less a preponderance of the evidence, that being fired for her lengthy record of violence and threats was a pretext for firing her for a prohibited reason. The district court's grant of judgment as a matter of law is affirmed.

The allegation by the USPS that Judge O'Brien's order for a new trial was an abuse of discretion is dismissed as moot.

IV.

For the foregoing reasons, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.