# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1329

_____

| | | |
|---|---|---|
| Michael Melton Island, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Larry Norris, Director, Arkansas | * | |
| Department of Correction; C. Terry, | * | |
| Warden, Wrightsville Unit, Arkansas | * | |
| Department of Correction; Herbert A. | * | Appeal from the United States |
| Smith, Lt., Wrightsville Unit, Arkansas | * | District Court for the Eastern |
| Department of Correction; D. E. Smith, | * | District of Arkansas. |
| Sgt., Wrightsville Unit, Arkansas | * | |
| Department of Correction; Truitt, CO-I, | * | |
| Wrightsville Unit, Arkansas | * | |
| Department of Correction; PHP | * | [UNPUBLISHED] |
| Healthcare Corporation, Wrightsville | * | |
| Unit, Arkansas Department of | * | |
| Correction; Thomas Trussell, Dr., | * | |
| Wrightsville Unit, Arkansas | * | |
| Department of Correction, originally | * | |
| sued as Dr. C. Trussell, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 6, 2000
Filed: November 16, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Michael Melton Island appeals the district court's[1] adverse judgment, pursuant to Federal Rule of Civil Procedure 52(c), following a bench trial in his 42 U.S.C. § 1983 action. Island alleged the prison defendants violated the Eighth Amendment by failing to protect him from an inmate attack, and the medical defendants (PHP Healthcare Corporation and Dr. Thomas Trussell) displayed deliberate indifference to his medical needs by delaying his referral to an eye specialist for injuries he received during the attack. Upon reviewing the district court's factual findings for clear error and its legal conclusions de novo, see Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000), we affirm.

We conclude the district court properly entered judgment for the medical defendants. Island was taken immediately to the prison infirmary after the attack. The infirmary nurse called Dr. Trussell, who determined Island's injury was not an emergency after learning that his vital signs were normal and that he had not lost consciousness. Dr. Trussell prescribed a cold compress, steri-stripping (rather than suturing) to promote drainage, and antibiotics; he did not send Island for emergency treatment at that time because he wanted the swelling to subside so he could better examine the injury. Four days after the injury, when the swelling had subsided and Dr. Trussell could examine Island (who complained of dark spots in his vision), Dr. Trussell referred him to an ophthalmologist. Island was seen by the ophthalmologist two days later, and doctors at the hospital where Island was treated believed his eye condition would improve spontaneously. Based on this evidence, we cannot say the

_____

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

district court clearly erred in determining that Dr. Trussell had not ignored an acute or escalating situation. See Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990); see also Logan v. Clarke, 119 F.3d 647, 650 (8th Cir. 1997) (delay in referring prisoner to a specialist did not amount to deliberate indifference). Although Island claims that medical defendants failed to follow protocol, "there is no § 1983 liability for violating prison policy." Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).

We also conclude the district court properly entered judgment for the prison defendants. The trial evidence did not show any personal involvement by Arkansas Department of Correction Director Larry Norris and Wrightsville Unit Warden C. Terry. See Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997). The evidence also did not show that the named correctional officers violated Island's constitutional rights by failing to protect Island from what was a surprise attack: Island admitted he had not had prior problems with his attacker, and the correctional officers--who testified they were patrolling their assigned areas when the attack occurred--had not been aware of any problems involving either inmate. See Webb v. Lawrence County, 144 F.3d 1131, 1135 (8th Cir. 1998).

Last, we find no abuse of discretion in the district court's denial of Island's motion for a new trial, see EFCO Corp. v. Symons Corp., 219 F.3d 734, 738 (8th Cir. 2000) (standard of review); and we reject Island's remaining arguments as meritless or as raising matters for the first time on appeal.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.