# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3681

_____

|  |  |  |
|---|---|---|
| Ray B. Bowen, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Celotex Corporation, | * | [TO BE PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: May 14, 2002
Filed: June 3, 2002

_____

Before BOWMAN, LOKEN and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Celotex Corporation fired Ray Bowen for insubordination because he refused to obey a direct order from his supervisor. Bowen, who is black, sued Celotex for race discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1), and 42 U.S.C. § 1981. Following a bench trial, the district court issued findings of fact and conclusions of law, citing Fed. R. Civ. P. 52(a), and entered judgment for Celotex. The district court found Bowen had not introduced proof of a prima facie case of race discrimination, and further, Bowen had not produced any evidence that Celotex's reason for termination was his race. Bowen challenges the district court's decision on appeal.

"Because this case was fully tried on the merits, it is surprising to find the parties and the [district court] still addressing the question whether [Bowen] made out a prima facie case." United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 713-14 (1983). A factfinder's Title VII verdict cannot be based upon a plaintiff's failure to produce evidence of a prima facie case or pretext because these burdens of production "drop out" when a case is submitted for a verdict. Id. at 715. If a plaintiff truly fails to produce evidence of a prima facie case or pretext in a bench trial, the case cannot be submitted for decision in the first place. Instead, the district court must enter judgment on partial findings for the defendant under Fed. R. Civ. P. 52(c). Cf. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509 (1993) (explaining the mirror opposite proposition: if a defendant fails to meet its burden of production, the district court must enter judgment for the plaintiff).

The district court's memorandum opinion in this case addresses only Bowen's failure to carry his productive burdens, which indicates the case should not have been submitted for a verdict. We therefore construe the district court's Rule 52(a) findings of fact and conclusions of law as a Rule 52(c) judgment on partial findings. Our construction does not prejudice Bowen's rights and is plainly in keeping with the district court's intentions. A district court must make credibility determinations and findings of fact under both Rule 52(a) and Rule 52(c), Williams v. Mueller, 13 F.3d 1214, 1216 (8th Cir. 1994), so the district court would have likely written a nearly identical opinion had it nominally proceeded under Rule 52(c). In addition, the district court's opinion borrows without attribution from our discussion in Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000), an opinion affirming a district court's entry of judgment under Rule 52(c). These circumstances buttress our construction of the district court's decision as being a judgment as a matter of law in favor of Celotex under Rule 52(c).

We turn, then, to the propriety of the district court's decision. Bowen contends he satisfied his obligation to come forward with indirect evidence of discrimination

under the burden-shifting regime articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-805 (1973). Bowen was required to introduce evidence of a prima facie case of race discrimination. And once Celotex produced evidence Bowen was fired for insubordination, he was again required to introduce evidence suggesting Celotex's reason for termination was pretext for discrimination. Among other things, these productive burdens obligated Bowen to demonstrate that similarly-situated white employees were treated more favorably. See Clark, 218 F.3d at 918.

Bowen sought to prove Celotex had treated his white co-worker, Mike Hutchison, more favorably when Hutchison committed similar infractions. Hutchison had defaced a company record used by Celotex supervisors and later deceived his superiors into receiving unauthorized time off work, but Celotex did not fire him. Celotex merely suspended him thirty days for defacing company property and two weeks for obtaining time off work by subterfuge. At trial, Bowen argued Hutchison's misconduct amounted to insubordination, and indeed, the latter incident was labeled as "insubordination" in a Celotex personnel record.

The district court, sitting as the finder of fact, rejected Bowen's proof and elected to believe the testimony of Celotex managers who testified that neither instance of Hutchison's misconduct amounted to "insubordination," as the company defines that term. The district court was certainly entitled to believe the account given by Celotex management. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985).

Moreover, the district court could reasonably have believed Hutchison's acts of misconduct were less damaging to the company than Bowen's insubordination. Bowen broadcast his dissatisfaction to fellow co-workers on the production line by arguing with his supervisor. In contrast, Hutchison's misconduct reached an audience

limited to Celotex managers and may have had a lesser effect on workplace morale than Bowen's shouting match with his supervisor.

After carefully reviewing the trial transcript, we discern no error in the district court's ruling that Bowen failed to satisfy his productive burdens. We therefore affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.