

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-2009

# Andrew Kondas v. Postmaster General o

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4015

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Andrew Kondas v. Postmaster General o" (2009). *2009 Decisions.* Paper 1140.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1140

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4015
_____

ANDREW J. KONDAS,

Appellant

v.

JACK E. POTTER, Postmaster General, United States Postal Service
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cv-01861)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2009

Before:  FISHER and CHAGARES, *Circuit Judges*, and DIAMOND,[*] *District Judge*.

(Filed: June 24, 2009 )
_____

OPINION OF THE COURT
_____

_____

[*]Honorable Paul S. Diamond, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

**DIAMOND,** *District Judge*.

Andrew J. Kondas brought this action under the Rehabilitation Act of 1973, alleging, *inter alia*, that Jack E. Potter, Postmaster General of the United States Postal Service ("USPS"), impermissibly retaliated against him for engaging in legally protected activity. 29 U.S.C. §§ 791, 794. Kondas appeals from the District Court's entry of summary judgment in favor of the USPS. We will affirm.

## I.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

Because we write primarily for the Parties, we will summarize this matter's extensive history.

Kondas is a technician at the USPS Processing and Distribution Center in Scranton, Pennsylvania. (App. at 45.) Until 1998, Kondas periodically received machine training at the USPS National Center for Employment Development (NCED) in Norman, Oklahoma. Kondas had great difficulty working with NCED instructors Butch Turner and Bob Lee. (App. at 88-89, 100.)

Before beginning a November 1998 NCED training session, Kondas asked to be assigned to instructors other than Turner (whom he described as an "a**h***") and Lee. (App. at 89, 141.) NCED Supervisor Erline Charlton denied Kondas's request. (App. at

2

90.) Kondas responded that he would "not [be] responsible if [Lee] touches me again. You put me in a class with him again and he gets cocky, I'm not responsible for what happens." (App. at 90.) When Charlton asked Kondas what he would do if he were again instructed by Turner or Lee, Kondas stated: "I don't care, I'll do anything . . . they have printers, I don't care, I'll p**s in them if I have to." (App. at 113 (Trial Tr. Aug. 16, 2001, Kondas v. Henderson, No. 00-0276 (M.D. Pa.).) Kondas also repeatedly said he would "kick[] anyone's a** who interfered," and stated that "he knew something about chemicals and could do lots of things." (App. at 141-42.)

In December of 1998, Kondas received an NCED course completion certificate on which he wrote: "I will return and payback is guaranteed. [NCED Supervisor] Ed Nahl, Tell Butch Turner!" (App. at 129.) According to Charlton, Kondas "slapped down" the certificate on her desk and left. (App. at 141.)

In December 1998, NCED Manager Steven Mosier accepted the recommendation of the NCED's Threat Assessment Team that the USPS bar Kondas from the Center because he had violated USPS's Zero Tolerance Policy for violence and threats of violence. (App. at 116, 122, 163-64, 281, 285-86.) On February 12, 1999, the USPS fired Kondas because he had violated the Zero Tolerance Policy. (App. at 516.) Kondas filed a union grievance, and on June 30, 2000, an arbitrator ordered reinstatement. Kondas, who suffers from ADHD, anxiety, and depression, then sued the USPS, alleging that it had terminated him in violation of the Rehabilitation Act because of his disabilities.

3

See Kondas v. Henderson, No. 00-0276 (M.D. Pa.). The matter went to trial before a jury which, on August 20, 2001, returned a verdict in favor of the USPS. (App. at 186.) Kondas withdrew his appeal from that judgment. See Kondas v. Henderson, No. 01-3791 (3d Cir.).

In August of 2002, USPS attorney Courtney Wheeler -- who was assigned to review one of Kondas's administrative complaints -- concluded that the June 2000 arbitration decision required the USPS to allow Kondas to train at the NCED. (App. at 283-84.) Mosier and NCED Supervisor James Dikes strongly disagreed and continued to enforce the NCED training bar. (App. at 285, 287-93.)

While the NCED bar remained in effect, Kondas received training at local facilities. (App. at 103, 116, 135.) Following a training session in April 2004, Kondas completed a course evaluation form, and wrote in the Comments Section: "F*** you Steve Mosier, and your buddies? Tell Dumb B*****d I said Hello! Look Forward to Seeing You All!!!" (App. at 471.) Upon learning of Kondas's note, the NCED Threat Assessment Team again determined that he should "NOT be allowed to return to NCED for training" because there was "no guarantee Mr. Kondas [would] not act upon his verbal and written threats during non-training hours." (App. at 472.)

## III.

In his Third Amended Complaint, Kondas again alleged that USPS officials violated the Rehabilitation Act by discriminating against him because of his disabilities.

4

App. at 57-59; 29 U.S.C. §§ 791, 794. Kondas also alleged that from 2002 through 2006, the USPS repeatedly denied his requests for NCED training in retaliation for his filing of EEO complaints. (App. at 51-52.)

On May 30, 2008, the USPS moved for summary judgment. In response, Kondas: (1) argued that he had presented sufficient evidence to warrant trial on his retaliation claim; and (2) withdrew all other claims. (App. at 12-13.)

On September 4, 2008, the District Court entered summary judgment in favor of the USPS, ruling that Kondas had not shown that the legitimate, non-retaliatory reason for the NCED bar -- Kondas's violation of the Zero Tolerance Policy -- was pretextual. Kondas timely appealed to this Court on September 25, 2008. (App. at 1.)

**IV.**

Our review of the District Court's decision is plenary, and we apply the same standard as the District Court to determine whether summary judgment was appropriate. Norfolk S. Ry. Co. v. Basell USA Inc., 512 F.3d 86, 91 (3d Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Rehabilitation Act prohibits discrimination based on disability by Government agencies (including the USPS). 29 U.S.C. § 794(a). An employer may not take adverse employment actions against an employee because he or she engages in activity protected

5

under the Act, such as the filing of discrimination complaints with the EEOC. 34 C.F.R. § 100.7(e); Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 266 n.5 (3d Cir. 2007).

In analyzing retaliation claims, we apply the following framework:

> To establish a prima facie case of retaliation under the [Rehabilitation Act], a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action . . . . If an employee establishes a prima facie case . . . the burden shifts to the employer to advance a legitimate, non-retaliatory reason for its adverse employment action. . . . If the employer satisfies its burden, the plaintiff must be able to convince the factfinder both that the employer's proferred explanation was false, and that retaliation was the real reason for the adverse employment action.

Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997) (citations and quotations omitted).

**V.**

Kondas contends that he produced evidence showing that the USPS did not "genuinely believe" that he was a safety threat, and that retaliation was the real reason for the NCED bar. We do not agree.

Kondas first argues that Wheeler's conclusion that the 2000 arbitration decision entitled Kondas to receive NCED training demonstrates pretext. It is undisputed that NCED executives took strong issue with Wheeler. The gravamen of that disagreement concerned the legal effect of the 2000 arbitration decision, however, not whether NCED staff genuinely believed that Kondas was a threat. The existence of this legal dispute thus

6

does not establish that the USPS's stated reason for the NCED bar was "so plainly wrong that it cannot have been the . . . real reason." Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1109 (3d Cir. 1997).

Kondas also relies on evidence that the USPS did not impose an NCED training bar on other USPS employees assigned to the Center who had been involved in drunken brawls or used drugs. (App. at 165-68.) Unlike Kondas, however, these individuals -- who received discipline from their home offices, including letters of warning, placement on administrative leave, and, in one instance, termination -- did not make repeated and violent threats against NCED staff, and so were not viewed as "continuing threat[s]." (App. at 165-66, 285.) Accordingly, this evidence does not support an inference of pretext. See Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 359 (3d Cir. 1999).

Kondas next argues that when he wrote "payback is guaranteed," he meant only that he would file grievances. This *post-hoc* explanation is not probative of whether NCED personnel reasonably believed that he was a threat to their safety. Moreover, we agree with the District Court that "by adopting a zero tolerance policy, [the USPS] empowered its employees to act, not just on those threats that could be shown to be reasonable or credible, but on *any* threat of violence." (App. at 30-31.) The U.S. Court of Appeals for the Eighth Circuit came to a similar conclusion in Clark v. Runyon, 218 F.3d 915 (8th Cir. 2000). Accordingly, the credibility evidence Kondas offers does not demonstrate pretext.

7

Finally, Kondas argues that retaliatory intent can be inferred from evidence that USPS personnel subjected him to "special scrutiny." (App. at 159, 207, 348.) In fact, this evidence is entirely consistent with the USPS responding to the numerous administrative, union, and EEO protests Kondas filed from 2002 through 2007. See, e.g., Williams v. Cerberonics, 871 F.2d 452, 457 (4th Cir. 1989).

In sum, we agree with the District Court that Kondas has failed to rebut the non-retaliatory reason the USPS advanced for barring him from NCED training. Accordingly, we believe the Court appropriately granted summary judgment in the USPS's favor.

## VI.

For the reasons stated, we will affirm the September 4, 2008 Order of the District Court.