# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1354

_____

Oren H. Jones

*Plaintiff - Appellant*

v.

Evergreen Packaging, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: September 4, 2013
Filed: October 28, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Oren Jones appeals the district court's adverse grant of summary judgment in his action claiming that his employer, Evergreen Packaging, Inc. (EPI), violated Title VII of the Civil Rights Act and Title VII of the Arkansas Civil Rights Act. Having carefully reviewed the record, viewing the evidence in the light most favorable to

Jones, see Evance v. Trumann Health Servs., LLC, 719 F.3d 673, 677 (8th Cir. 2013) (de novo review), we conclude that EPI was not entitled to summary judgment.

Jones, an African-American, began working for EPI's predecessor company in 1973. In 2008 EPI promoted him to Operator of the Groundwood Pulp Mill, supervising five employees, all Caucasian. On two occasions one of the employees Jones supervised, Jeff Conner, took actions which caused Jones to be sprayed with water, but Conner claimed these incidents were accidental; on the second occasion both men received written counseling, and Conner was not otherwise disciplined on either occasion. On May 8, 2010, Conner's grinder jammed, and Jones asked him to fix it. Conner approached Jones while holding a wood hook (a long wooden pole with a metal hook attached to it), and stopped about eight feet from Jones, moving the wood hook as if he were going to hit Jones with it. Jones reported the incident, and both men received another written counseling. No other discipline occurred, and EPI's investigation ultimately concluded that Conner did not threaten Jones's life.

On May 10, Jones was speaking with two other employees he supervised about a meeting he was to attend with Conner and their human resource representative. According to Jones, one of the other employees stated that if Conner got Jones fired, Jones "might go postal." According to the other employees, Jones stated that if he were fired he would "just walk up to people and go bang" (as he mimed pulling a trigger); and according to one of the employees, Jones also said he would "just go postal." Jones denied making any threats, but he was placed on leave without pay or benefits, and he could not return to work until he had completed workplace anger classes and signed a last-chance agreement. While suspended, Jones was evaluated by a doctor, who determined that he did not present a threat of workplace violence. Jones was reinstated after he complied with the conditions.

The district court found that, assuming Jones had shown a prima facie case of discrimination, EPI had proffered a legitimate reason for disciplining Jones, and he could not establish that the given reason was a pretext for discrimination.

We hold that Jones established a prima facie case of discrimination, as he is a member of a protected class, nothing indicates he was not qualified, EPI suspended him without pay or benefits, and EPI's more favorable treatment of Conner could give rise to an inference of discrimination. See Lake v. Yellow Transp., Inc., 596 F.3d 871, 874 (8th Cir. 2010) (requirements for prima facie case). We agree with the court that EPI proffered a legitimate, nondiscriminatory reason for suspending Jones, namely, that it determined he made a violent threat in the workplace. See Clark v. Runyon, 218 F.3d 915, 919 (8th Cir. 2000) ("Both actual violence against fellow employees and threats of violence are legitimate reasons for terminating an employee.").

We find, however, that material issues of fact existed as to whether EPI's proffered reason was pretextual. First, a reasonable jury could find that Jones was similarly situated to Conner, as it appears Jones had no disciplinary authority over Conner, both men were subject to the same workplace-violence policy, and they had the same foreman and human resource representative. See Floyd-Gimon v. Univ. of Ark. for Med. Scis. ex rel. Bd. of Trs. of Univ. of Ark., 716 F.3d 1141, 1150 (8th Cir. 2013) (at pretext stage, plaintiff must show she was similarly situated to other employee in all relevant respects); George v. Leavitt, 407 F.3d 405, 414 (D.C. Cir. 2005) ("similarly situated" issue is ordinarily question of fact for jury). Second, their conduct was of comparable seriousness to provide evidence of pretext: Conner physically threatened Jones with a potentially deadly tool, and Jones allegedly made a comment to other employees about "going postal" if he were fired. See Ridout v. JBS USA, LLC, 716 F.3d 1079, 1085 (8th Cir. 2013) (no employee is "precise clone" of another; plaintiff need only show he was treated differently than employees whose violations were of comparable seriousness). Third, EPI did not treat Conner and

Jones the same in terms of investigations and punishments: each time Jones complained about Conner's misconduct, Conner was given an opportunity to explain himself, and either he was not disciplined or both men were given a written counseling; in contrast, Jones was suspended without pay, and the record indicates EPI had decided to discipline him before hearing his side of the story. See id. (where evidence demonstrates different treatment for acts of comparable seriousness, factfinder may decide whether differential treatment is attributable to discrimination); Pye v. Nu Aire, Inc., 641 F.3d 1011, 1021 (8th Cir. 2011) (at pretext stage, ultimate question is whether prohibited reason, and not proffered reason, motivated employer's action).

Accordingly, we reverse the grant of summary judgment and remand for further proceedings consistent with this opinion.

_____