# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

_____

No. 19-6009

_____

In re: Aaron James McCann,
as surety for Switching Gears, LLC,
as surety for 7 Flags Promotions, LLC,
as surety for 7 F Food & Beverage, LLC,
as surety for 2100 Club, LLC

*Debtor.*

-------------------------------

SMC Holdings, LLC

*Plaintiff – Appellee,*

v.

Aaron James McCann

*Defendant – Appellant*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Duluth

_____

Submitted: June 27, 2019
Filed: July 9, 2019

_____

Before SALADINO, Chief Judge, NAIL and SHODEEN, Bankruptcy Judges.

_____

SHODEEN, Bankruptcy Judge,

The Debtor, Aaron McCann, appeals the bankruptcy court's[1] February 11, 2019 judgment determining SMC Holdings, LLC's claim against him was nondischargeable.

## BACKGROUND

SMC Holdings, LLC filed an adversary proceeding to except its debt from McCann's discharge under 11 U.S.C. §523(a)(2)(A). At the end of the trial, after presenting no defense, McCann's counsel made an oral motion for judgment on partial findings on the basis that SMC was not the real party-in-interest. Fed. R. Civ. P. 17(a); Fed. R. Bankr. P. 7017; *Curtis Lumber Co. v. La. Pac. Corp*., 618 F.3d 762, 771 (8th Cir. 2010); *Samuel J. Temperato Revocable Tr. v. Unterreiner (In re Unterreiner*), 459 B.R. 725, 730 (B.A.P. 8th Cir. 2011). The bankruptcy court denied McCann's request and entered judgment in favor of SMC for $2,500,000. McCann appeals the judgment.

## STANDARD OF REVIEW

Our jurisdiction extends to "the events and rulings leading to a final order." *Zahn v. Fink (In re Zahn),* 526 F.3d 1140, 1143 (8th Cir. 2008). We review the bankruptcy court's findings of fact for clear error and legal conclusions related to the entry of judgment pursuant to Rule 52(c) *de novo*. *Minn. Laborers Health & Welfare Fund v. Scanlan*, 360 F.3d 925, 927 (8th Cir. 2004); *Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000).

---

[1] The Honorable Robert J. Kressel, Judge, United States Bankruptcy Court for the District of Minnesota.

2

## DISCUSSION

McCann and his business Switching Gears, LLC (collectively McCann) began discussions with Renewtech, LLC to manufacture and install wind turbines on tribal lands. To move the project forward the parties agreed that contributions in exchange for an ownership interest in Switching Gears were required. SMC operated as an investment vehicle for Vinco, Inc. and Renewtech. Total contributions of $2.7 million were completed under this arrangement before it became clear that the project could not proceed. The focus of McCann's argument is that Vinco was the entity that wired funds and issued him a check making it the proper party to assert this claim against him.

In his answer McCann admits that SMC provided the funds. The testimony reflects that on the date of the transfer time was of the essence for the funds to be paid. Because SMC did not have immediate access to the amount necessary to fund the request Vinco made the transfer to McCaan as an entity under common ownership. This transfer was reflected on the companies' books as a loan from Vinco to SMC. The parties' term sheet specifically stated that should the agreement not be executed the money would be returned to SMC, not Vinco.

The bankruptcy court viewed the evidence as demonstrating Vinco was only acting on SMC's behalf and that SMC was the real party in interest; Debtor views the evidence as demonstrating the funds came from Vinco and that Vinco was the real party in interest. The bankruptcy court's view is certainly permissible in light of the evidence. For that reason alone, even assuming Debtor's view is also permissible, we cannot say the bankruptcy court's finding was clearly erroneous. *Anderson v. City of Bessemer City, North Carolina,* 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

3

## CONCLUSION

Based upon our *de novo* review the bankruptcy court's conclusion that SMC is the proper party holding the claim against McCann was not clearly erroneous. Accordingly, the judgment is AFFIRMED.

_____