SHODEEN, Bankruptcy Judge,
The Debtor, Aaron McCann, appeals the bankruptcy court's[1] February 11, 2019 judgment determining SMC Holdings, LLC's claim against him was nondischargeable.
BACKGROUND
SMC Holdings, LLC filed an adversary proceeding to except its debt from McCann's discharge under 11 U.S.C. § 523(a)(2)(A). At the end of the trial, after presenting no defense, McCann's counsel made an oral motion for judgment on partial findings on the basis that SMC was not the real party-in-interest. Fed. R. Civ. P. 17(a) ; Fed. R. Bankr. P. 7017 ; Curtis Lumber Co. v. La. Pac. Corp. , 618 F.3d 762, 771 (8th Cir. 2010) ; Samuel J. Temperato Revocable Tr. v. Unterreiner (In re Unterreiner ), 459 B.R. 725, 730 (8th Cir. BAP 2011). The bankruptcy court denied McCann's request and entered judgment in favor of SMC for $2,500,000. McCann appeals the judgment.
STANDARD OF REVIEW
Our jurisdiction extends to "the events and rulings leading to a final order." Zahn v. Fink (In re Zahn), 526 F.3d 1140, 1143 (8th Cir. 2008). We review the bankruptcy court's findings of fact for clear error and legal conclusions related to the entry of judgment pursuant to Rule 52(c) de novo.
*815 Minn. Laborers Health & Welfare Fund v. Scanlan , 360 F.3d 925, 927 (8th Cir. 2004) ; Clark v. Runyon , 218 F.3d 915, 918 (8th Cir. 2000).
DISCUSSION
McCann and his business Switching Gears, LLC (collectively McCann) began discussions with Renewtech, LLC to manufacture and install wind turbines on tribal lands. To move the project forward the parties agreed that contributions in exchange for an ownership interest in Switching Gears were required. SMC operated as an investment vehicle for Vinco, Inc. and Renewtech. Total contributions of $2.7 million were completed under this arrangement before it became clear that the project could not proceed. The focus of McCann's argument is that Vinco was the entity that wired funds and issued him a check making it the proper party to assert this claim against him.
In his answer McCann admits that SMC provided the funds. The testimony reflects that on the date of the transfer time was of the essence for the funds to be paid. Because SMC did not have immediate access to the amount necessary to fund the request Vinco made the transfer to McCaan as an entity under common ownership. This transfer was reflected on the companies' books as a loan from Vinco to SMC. The parties' term sheet specifically stated that should the agreement not be executed the money would be returned to SMC, not Vinco.
The bankruptcy court viewed the evidence as demonstrating Vinco was only acting on SMC's behalf and that SMC was the real party in interest; Debtor views the evidence as demonstrating the funds came from Vinco and that Vinco was the real party in interest. The bankruptcy court's view is certainly permissible in light of the evidence. For that reason alone, even assuming Debtor's view is also permissible, we cannot say the bankruptcy court's finding was clearly erroneous. Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").
CONCLUSION
Based upon our de novo review the bankruptcy court's conclusion that SMC is the proper party holding the claim against McCann was not clearly erroneous. Accordingly, the judgment is AFFIRMED.

The Honorable Robert J. Kressel, Judge, United States Bankruptcy Court for the District of Minnesota.